IN THE CIRCUIT COURT FOR THE
FOURTH JUDICIAL CIRCUIT IN AND
FOR DUVAL COUNTY, FLORIDA

PHILLIP T. BREUER

    Plaintiff,

CASE NO.:
DIVISION:

v.

JIM'S CONCRETE OF BREVARD, INC.,

    Defendant.
_____/

DIVISION CV-E

THIS INSTRUMENT IN COMPUTER C.S.

## COMPLAINT

Plaintiff, Phillip T. Breuer, by and through the undersigned attorneys, sues Defendant, Jim's Concrete of Brevard, Inc., and alleges that:

1. This is an action for damages which exceed $15,000, exclusive of costs and attorney's fees.

2. This is an action pursuant to 29 U.S.C. §§ 201-219, the Fair Labor Standards Act of 1938, as amended (the "Act").

3. This Court is a court of competent jurisdiction to hear this action pursuant to 29 U.S.C. § 216(b).

4. Plaintiff has consented to the bringing of this action as required pursuant to 29 U.S.C. § 216(b), and a copy of Plaintiff's consent has been filed with the Court.

5. At all times relevant, Defendant was an "employer" subject to the Act, and was, and knew it was, required to comply with the Act.

6. All acts giving rise to this cause arose out of an employment relationship between Plaintiff and Defendant in Duval County, Florida.

7. During the period of time between June 1998 and June, 2001, *inter alia*, Plaintiff was employed by Defendant primarily as a mini-excavation machine operator.

8. During that same period of time, Plaintiff maintained a job title as a foreman of construction labor.

9. During that same period of time, Plaintiff was required to work for Defendant the vast majority of weeks in excess of forty (40) hours.

10. Particularly, Plaintiff was required to work between fifty (50) and sixty (60) hours per week on average during Defendant's busiest months, and between forty-five (45) and fifty (50) hours per week on average during Defendant's other months of operation.

11. During that same period of time, Plaintiff was compensated at a fixed rate of pay of $20 per hour, but only for a maximum of 40 hours per week, regardless of how many more hours per week he worked.

12. From June 1998 through early 2001, the pay-stubs provided Plaintiff by Defendant did not reflect that he was a salaried employee, but instead reflected that his "pay rate" was $20.00, and reflected the hours worked as never more than 40 per week.

13. During the period of time between June 1998 and June 2001, Plaintiff worked approximately 80% of the time either by himself, operating an excavation machine and sometimes performing digging in the ground by hand, or in the supervision of no more than one of Defendant's other employees. During the approximate 20% of the remaining time, Plaintiff worked for Defendant in a supervisory role supervising the work of two or more people.

14. During that same period of time, Plaintiff's primary duties for Defendant were to perform manual labor, i.e., operate an excavation machine and engage in digging by hand when required, and his primary duties were not to perform executive or management duties for Defendant, or to perform work directly related to management policies or general business operations.

15. During that same period of time, Plaintiff's primary duties did not involve the exercise of discretion and independent judgment.

16. During that same period of time, Plaintiff was subjected to deductions in his pay for absences from work of less than one day.

17. For the period of time stated, Plaintiff was entitled to receive overtime pay from Defendant for all hours worked in excess of forty (40) hours per week at a rate of one and one-half times his regular rate of pay pursuant to 29 U.S.C. § 207(a)(1).

18. For the period of time stated, Plaintiff was not otherwise compensated, beyond his base hourly rate, for any hours he worked in excess of forty (40) hours per week.

19. Defendant's failure and/or refusal to properly compensate Plaintiff for the hours he worked in excess of forty (40) hours per week was a willful violation of 29 U.S.C. § 207(a)(1) because Defendant's failure and/or refusal was done with knowing disregard of the existence and requirements of the Act.

20. As a result of Defendant's failure and/or refusal to comply with the Act, Plaintiff has been compelled to employ an attorney to prosecute his cause.

WHEREFORE, Plaintiff demands judgment against Defendant for:

1. Unpaid back pay for all hours worked in excess of forty (40) hours per week during the three (3) years prior to the bringing of this action at a rate of one and one-half times Plaintiff's regular rate of pay, plus,

2. Prejudgment interest on all unpaid back pay, plus

3. An amount equal to the unpaid back pay as liquidated damages pursuant to 29 U.S.C. § 216(b), plus,

4. All costs and fees connected with the prosecution of this action, plus a reasonable attorney's fee pursuant to 29 U.S.C. § 216(b).

### JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

KATTMAN & PINAUD
Professional Association

*[signature]*

Donald E. Pinaud, Jr.
Florida Bar No. 111694
4069 Atlantic Blvd.
Jacksonville, Florida 32207
(904)398-1229
(904)398-1568 - fax
Attorneys for Plaintiff