FILED

01 OCT 30 PM 3:40

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PHILLIP T. BREUER,

    Plaintiff,                      CASE NO. 3:01-CV-763-J-21TJC

v.

JIM'S CONCRETE OF BREVARD, INC.,

    Defendant.

_____/

## DEFENDANT'S RESPONSE TO COURT'S STANDARD INTERROGATORIES

Defendant, Jim's Concrete of Brevard, Inc. responds to the Court's Standard Interrogatories dated October 19, 2001 as follows:

1. State whether defendant is properly identified. If not, give the defendant's proper identification and state whether you will waive service or accept service of an amended summons and complaint reflecting proper identification.

**Response: The defendant, Jim's Concrete of Brevard, Inc. ("Jim's Concrete"), is properly identified.**

2. Describe all laws, acts having the force and effect of law, codes, regulations and legal principles, standards and customs or usages which defendant contends are applicable to this action.

**Response: The plaintiff has filed suit against Jim's Concrete seeking unpaid wages, liquidated damages, and attorney's fees for alleged violations of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA"). Consequently, the FLSA and the regulations promulgated thereunder have application in this case.**

19

3. Furnish a detailed factual basis for the defenses asserted in your answer.

**Response: Jim's Concrete believes that the facts will show that there was a clear mutual understanding between the parties to this case that Plaintiff would receive a fixed salary (apart from overtime premiums) for the hours worked in each workweek, whatever their number. As a result, to the extent Plaintiff was not properly compensated for hours worked in excess of forty, he would not be entitled to receive time and a half for those hours, but would instead only be entitled to half-time as calculated pursuant to formulas contained in applicable regulations. Moreover, Jim's Concrete believes that the facts will show that it acted in good faith in calculating Plaintiff's salary.**

4. State, to the best of your knowledge, whether all proper parties have been joined. If you contend that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state such party's full name, address and telephone number, and describe in detail the basis of such alleged liability.

**Response: Jim's Concrete believes that all proper parties have been joined, however, notes that in *Kelly J. Malone, on his own behalf and on behalf of Other Similarly Situated Employees v. Jim's Concrete of Brevard, Inc.*, Case No. 3:01-CV-1165-J-20TEM, Kelly J. Malone purports to bring suit against Jim's Concrete on behalf of himself and similarly situated employees raising substantially similar allegations and seeking substantially similar relief.**

5. Describe the nature of all dispositive motions which defendant anticipates may be filed in this action.

**Response: Jim's Concrete anticipates filing a dispositive motion directed to Plaintiff's claim that he is entitled to one and one half times his regular rate for all hours worked per week in excess of forty.**

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to Donald E. Pinaud, Jr., 4069 Atlantic Blvd., Jacksonville, Florida 32207, by U.S. Mail this 30 day of October, 2001.

HOLLAND & KNIGHT LLP

By: _____
Andrew S. Hament, Esquire
Florida Bar No. 325279
1499 S. Harbor City Blvd., Suite 201
Melbourne, Florida 32901
(321) 951-1776 (Telephone)
(321) 951-1849 (Facsimile)

and

Gregory Williamson, Esquire
Florida Bar No. 0092990
50 North Laura Street, Suite 3900
Jacksonville, FL 32202
(904)353-2000 (Telephone)
(904)358-1872 (Facsimile)

Attorneys for Defendant,
Jim's Concrete of Brevard, Inc.

JAX1 #631355 v1