IN THE
UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**PHILLIP T. BREUER**

    Plaintiff,

CASE NO.: 3:01-CV-763-J-21T/C

v.

**JIM'S CONCRETE OF BREVARD, INC.,**

    Defendant.

_____/

**SECOND JOINT MOTION FOR APPROVAL OF PROPOSED SETTLEMENT AND
STIPULATED FINAL JUDGMENT**

**\*\*\*WITH INCLUSIVE MEMORANDUM OF LAW\*\*\***

Plaintiff, Phillip T. Breuer ("Breuer") and Defendant, Jim's Concrete of Brevard, Inc., ("Jim's Concrete"), jointly request that the Court approve the parties' proposed agreement to settle Breuer's claims and enter the attached stipulated final judgment approving settlement. The parties' premise this motion on the following grounds.

On or about June 19, 2003, the parties submitted their first "Joint Motion for Approval of Proposed Settlement and Stipulated Final Judgment." The facts, legal principles and analysis as to why the Court should grant this second motion and enter the proposed judgment accordingly are exactly the same and remain unchanged from those set forth in the first motion, and that

earlier motion and all its contents is incorporated herein by reference.

The Court denied that motion only because (a) the parties asked the Court to retain jurisdiction to enforce the settlement agreement, but did not attach a copy of the agreement to the motion, and (b), the Court concluded that it did not have jurisdiction to end the case because the record of the case had not been returned as of yet from the United States Supreme Court, where it was heard on certiorari after an interlocutory appeal to the Eleventh Circuit. The Court ruled in the order denying the motion that upon the return of the record and the "jurisdiction of this Court," the parties were free to move the Court again for approval of the settlement and entry of a stipulated judgment, provided that if the parties wanted the Court to retain jurisdiction to enforce the settlement agreement, they needed to attach a copy of the agreement to the motion. Otherwise, the Court would only approve the settlement and enter judgment without a provision for continuing jurisdiction to enforce the settlement.

Problem (a) has been resolved. The parties hereby stipulate that the Court need not retain jurisdiction to enforce the settlement agreement. Accordingly, as per the Court's instruction, attached is a revised proposed "Stipulated Final Judgment Approving Settlement" which does not contain any

provision for the Court to retain continuing jurisdiction to enforce the settlement agreement.

Problem (b) has also been resolved, and never really was a true problem in the first place. By now, as the U.S. Supreme Court case is long over and a written opinion issued, the Court should have received a return of the record from Washington. However, even if it has not, the Court does in fact still have jurisdiction to enter judgment in this case despite having not received the record back from the U.S. Supreme Court. The proceedings in this case before the U.S. Supreme Court resulted from a permissive interlocutory appeal commenced under 28 U.S.C. § 1292(b) of a non-final order of this Court denying a motion for remand. In cases where review is sought on an interlocutory basis of a non-final order (as opposed to of an appeal as a matter of right of a final order), the district courts <u>retain jurisdiction</u> to proceed with the case unless a stay is ordered by a higher court. 28 U.S.C. 1292(b). In this case, no stay was ever requested of or entered by any higher court. Thus, the court has jurisdiction to enter the order and judgment requested

For the reasons aforestated, the parties request that the Court enter the attached proposed judgment approving the settlement in this case and resolving this case accordingly.

DATED and respectfully submitted this \_\_28\_\_ day of \_\_January\_\_, 2004.

| | |
|---|---|
| **GRAY, HARRIS & ROBINSON**<br>Professional Association | **KATTMAN & PINAUD**<br>Professional Association |
| *[signature]*<br>Andrew S. Hament<br>Florida Bar No. 325279<br>1800 W. Hibiscus Blvd., Ste. 138<br>Melbourne, Florida 32901<br>(321) 674-3049<br>(321) 984-4122 - fax<br>Attorneys for Defendant | *[signature]*<br>Donald E. Pinaud, Jr.<br>Florida Bar No. 111694<br>4069 Atlantic Blvd.<br>Jacksonville, Florida 32207<br>(904) 398-1229<br>(904) 398-1568 - fax<br>Attorneys for Plaintiff |

IN THE
UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**PHILLIP T. BREUER**

    Plaintiff,

CASE NO.: 3:01-CV-763-J-_____

v.

**JIM'S CONCRETE OF BREVARD, INC.,**

    Defendant.

_____/

## STIPULATED FINAL JUDGMENT APPROVING SETTLEMENT

**THIS CAUSE** came before the Court on Plaintiff's and Defendant's *Second Joint Motion for Approval of Proposed Settlement and Stipulated Final Judgment* ("Joint Motion"), which incorporates by reference certain facts and representations made in the parties' earlier *Joint Motion for Approval of Proposed Settlement and Stipulated Final Judgment* ("first motion"), which the Court denied only for technical reasons. The Court having been fully advised of the terms of the parties settlement agreement, and otherwise being fully advised in the premises, and the technical defects of the parties' first motion having been resolved, the Court finds as follows:

1. This case involves claims arising under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (the "FLSA").

2. Plaintiff and Defendant have amicably settled the

controversies involved in this case. The essential elements of the settlement are sufficiently described in the parties Joint Motion which references and incorporates the facts set forth in the first motion.

3. Plaintiff and Defendant have stipulated, and the Court finds that, the settlement is a fair and reasonable settlement of the controversies involved in this case and comports with the policies underlying the FLSA.

Accordingly, it is therefore

**ORDERED AND ADJUDGED:**

1. The parties Joint Motion is **GRANTED**.
2. The Settlement reached by the parties and described in the Joint Motion is **APPROVED**.
3. This case is **DISMISSED** with prejudice.
4. The clerk is **DIRECTED** to close the file.

**DONE, ORDERED AND ADJUDGED**, in Chambers at Jacksonville, Duval County, Florida, this _____ day of _____, 2004.

_____
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of record
Courtroom Deputy Clerk
Judicial Assistant
Law Clerk